**OHIO CASUALTY GROUP OF INSURANCE COMPANIES,
Appellant and Cross–Appellee,**

v.

**COCHRANE et al., Appellees and Cross–Appellants.**

[Cite as *Ohio Cas. Group of Ins. Cos. v. Cochrane* (1990), 67 Ohio App.3d 222.]

Court of Appeals of Ohio,
Summit County.

Nos. 14272, 14275.

Decided April 4, 1990.

*Douglas N. Godshall* and *Richard M. Boyce,* for appellant and cross-appellee.

*William Cochrane, Jr., pro se.*

CACIOPPO, Judge.

Ohio Casualty Group of Insurance Companies is an Ohio corporation that issued a guardian's bond in the guardianship of Iva Ruth Malcomb. William Cochrane, Jr. is the successor guardian of Iva Ruth Malcomb. The guardian's bond was originally issued with Franklin C. Malcomb as guardian. Cochrane brought this cause of action to recover funds of Iva Ruth Malcomb which Franklin C. Malcomb wrongfully acquired and enjoyed. Additional facts concerning this matter are set out in *William Cochrane, Jr. v. Franklin C. Malcomb* (Oct. 29, 1986), Summit App. No. 12563, unreported, 1986 WL 12335.

Both Ohio Casualty and Cochrane filed a motion for summary judgment. The parties filed an agreed statement of facts and six documents which arose from the several judicial proceedings concerning the guardianship.

The trial court incorporated the stipulated facts into the decision and granted summary judgment for Cochrane. The judgment stated an amount that Cochrane was to receive with a reduction in that amount for a sum previously received. The trial court cited as authority R.C. 2109.17.

The parties each filed an appeal. This court consolidates those appeals.

## Assignment of Error II

"The trial court erred as a matter of law in holding that Ohio Casualty had the option of unilaterally revoking its fiduciary bond, and that its failure to do so constituted a waiver of the defense of failure of consideration on the bond."

Ohio Casualty contends that revoking the bond issued in the guardianship would place Ohio Casualty in breach of the suretyship contract. Ohio Casualty relies upon the stipulated fact that Franklin C. Malcomb did not pay the premium for the guardianship bond, in arguing that the complete failure of consideration makes the bond unenforceable. Ohio Casualty seeks summary judgment based upon this contract principle.

Ohio Casualty overlooks the distinction between a failure of consideration and a breach of the contract. If Franklin C. Malcomb breached the contract in failing to pay the premium as promised, that breach is not a basis to render the bond unenforceable.

Ohio Casualty's second assignment of error has no merit.

## Assignment of Error III

"The trial court erred as a matter of law in resolving or ignoring material issues of fact in a summary judgment proceeding."

■ Ohio Casualty contends that the trial court weighed evidence and resolved issues of material fact in granting summary judgment. Ohio Casualty suggests that the trial court based the summary judgment on facts which were either outside those facts submitted as stipulations or contrary to those stipulations.

Civ.R. 56(C) states in part that "[s]ummary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor." An ambiguity appears within the stipulated facts. Therefore, reasonable minds could come to different conclusions as to when Franklin C. Malcomb committed wrongful acts which made uncollectible the debt to Iva Ruth Malcomb. R.C. 2109.17.

The trial court found that stipulations eleven, twelve, and thirteen identified the debt to the guardianship but did not identify the wrongful act which made that debt uncollectible. In reviewing the stipulated facts, this court finds that stipulation twenty-two states "[t]hat the total sum sought by defendant, William Cochrane, Jr., against the guardianship bond is $124,223.68, representing the funds of Iva R. Malcomb actually enjoyed by Franklin C. Malcomb and Dorothy M. Malcomb, plus early redemption penalties, prior to Franklin C. Malcomb's appointment as guardian on October 1, 1984." If this court accepts the trial court's finding based upon stipulation eleven, twelve, and thirteen, that finding cannot be reconciled with stipulation twenty-two.

Ohio Casualty's third assignment of error has merit.

### Ohio Casualty Group Assignments of Error

"I. The trial court erred as a matter of law in its interpretation and statutory construction of R.C. 2109.17.

"IV. The trial court erred in failing to make any ruling with respect to a set-off in the amount of $4,916.00 against the bond."

### William Cochrane, Jr. Assignment of Error

"Defendant states that the trial court erred in giving plaintiff credit of $21,112.57 against the agreed damages of $124,223.68."

Both Ohio Casualty and Cochrane contend that the trial court erred in determining the amount of damages. The amount of damages depends upon the factual determinations required pursuant to application of R.C. 2109.17.

The assignments of error have merit.

The trial court's judgment is reversed and this cause is remanded for further proceedings.

*Judgment reversed*
*and cause remanded.*

CIRIGLIANO and HAYES, JJ., concur.

JERRY L. HAYES, J., of the Portage County Domestic Relations Court, sitting by assignment.